UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD MAYFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-983 (CEJ) |
| ) | |
| DAVE DORMIRE and ) | |
| CHRIS KOSTER,[1] ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Richard Mayfield for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  **Procedural Background**

Petitioner Richard Mayfield is currently incarcerated at Jefferson City Correctional Center, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis.[2] On November 14, 2005, a jury returned guilty verdicts on four counts of statutory sodomy, two counts of first-degree child molestation, two counts of victim tampering, two counts of furnishing pornographic material to minors, and two counts of incest. The trial court

---

[1]Because petitioner is challenging a sentence to be served in the future, Missouri Attorney General Chris Koster has been added as a party respondent. 28 U.S.C. § 2254, Rule 2(b).

[2]On March 18, 2005, a jury in the Circuit Court of Jefferson County, Missouri, found petitioner guilty of eight counts of statutory sodomy against the same victims. See State v. Mayfield, 193 S.W.3d 792 (Mo. Ct. App. 2006). The trial in the Circuit Court of the City of St. Louis commenced after petitioner was sentenced to life imprisonment in Jefferson County.

sentenced petitioner to life imprisonment plus seven years. Petitioner timely filed a notice of appeal and, on March 20, 2007, the Missouri Court of Appeals affirmed his convictions and sentences. State v. Mayfield, 220 S.W.3d 422 (Mo. Ct. App. 2007).

Petitioner filed his § 2254 petition with this Court on July 3, 2008, asserting a single claim for relief: the trial court erred in denying defense counsel's motion for mistrial when it was learned that two jurors had been exposed to a news report that referred to petitioner as a sexual predator with prior convictions for sexual assault.

II. Background

Following the close of evidence and receiving instructions, the jury began its deliberations at 1:10 p.m. on November 10, 2005; nine hours later, the jury informed the court that it had not reached a verdict. Mayfield, 220 S.W.3d 424. The trial court recessed for the Veterans' Day weekend. Before deliberations resumed on Monday morning, the trial court asked the panel whether anyone had encountered information about the case during the weekend. Six jurors raised their hands. The court questioned each juror separately. The court determined that four of the jurors had not been exposed to any new information; jurors Windsor and Eirvin, however, had seen a news report regarding petitioner's prior convictions and life sentences for assaults on two young boys. Juror Eirvin stated that his wife and daughter had seen the news report and wanted to know how petitioner could be tried for the same offenses. He told them he could not discuss the case. He also stated that he

had seen a portion of the same report in which petitioner was described as a sexual predator. Both jurors told the trial court that they had not discussed the outside information with the other jurors, and that the information would not affect their deliberations.

Defense counsel moved for mistrial, arguing that it was improper for jurors to hear information about petitioner's prior convictions and sentences, because petitioner did not testify during the trial. The trial court denied the motion for mistrial, noting that jurors Windsor and Eirvin both denied that the new information would affect their deliberations and that "their demeanor [seemed] sincere and genuine." The court admonished all jurors that they were not to discuss or take into consideration any information learned over the weekend and allowed deliberations to resume. Guilty verdicts were returned approximately five hours later.

### III. Discussion

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules

-3-

require a particular result in a particular case." Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000) (concurring opinion of O'Connor, J., for the court). A court may not issue a writ under the "unreasonable-application" clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Williams, 529 U.S. at 411; see also Johnston v. Luebbers, 288 F.3d 1048, 1051 (8th Cir. 2002).

Petitioner properly presented his claim for relief to the state courts and, thus, this Court's review is not barred by principles of exhaustion or procedural default.

### Claim: Failure to Grant Mistrial

The Sixth Amendment guarantees a criminal defendant the right to a trial by an impartial jury. "[D]ue process does not require a new trial every time a juror has been placed in a potentially compromising situation . . . Due process means a jury capable and willing to decide the case solely on the evidence before it, and a trial judge ever watchful to prevent prejudicial occurrences and to determine the effect of such occurrences when they happen." Smith v. Phillips, 455 U.S. 209, 217 (1982). The mere fact that a juror may have been exposed to adverse publicity does not automatically

compel the declaration of a mistrial. Wright v. Lockhart, 914 F.2d 1093, 1101 (8th Cir. 1990).

In this case, the trial court carefully questioned the jurors, obtained their assurances that their ability to deliberate remained intact, and instructed the entire panel to ignore any additional information that might have been encountered. On direct appeal, the Missouri Court of Appeals noted that "the trial court was in a far better position to determine the intrusive and prejudicial effect of the news stories in question." Mayfield, 220 S.W.3d at 425. Furthermore, the appellate court stated, initial deliberations lasted for nine hours; subsequent deliberations, after the trial court's prejudice hearing, lasted an additional five hours. "This reflects calm and measured judgment, not prejudicial haste." Id. at 426.

A trial court's determination of whether a juror is impartial and qualified to be seated is a question of fact entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). See id. (citing Patton v. Yount, 467 U.S. 1025, 1038 (1984)). Petitioner has failed to meet his burden of rebutting the presumption of correctness by clear and convincing evidence. See id.

In summary, petitioner has failed to establish that the state courts' decisions on his claim were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in State court proceedings. 28 U.S.C. § 2254(d).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Richard Mayfield for a writ of habeas corpus [#1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of April, 2009.